Our next case for the morning is 21-8066 Marino v. Zimmerman. Counsel for Appellant, please make your appearance and proceed. Your Honor, my name is Bob Schuster, and together with each book we represent the Marinos, and may it please the Court. Counsel, Mr. Powers, Ms. France, 121 pages of briefs obscure and detract from the basic principles of this case. Our government is founded on basic tenets. Powers are to be separate. One branch is not to usurp the powers of another. Clear and unambiguous statutes are to be followed. Extended argument only furthers the obscurity and the diversion presented by the 121 pages. The statute reads, no action shall be brought under this Act against a governmental entity unless a claim upon which the action is based is presented to the entity as an itemized statement in writing. It is clear, it's unambiguous. We did not bring an action against a governmental entity. We did not present a claim to the entity. The statute said that we didn't need to. Counsel, but you concede that Dr. Zimmerman is a public employee, right? Yes. And that your case is proceeding under the WGCA, right? Yes. Okay. Please don't interpret my brevity as a sign of disrespect. The statute should be honored. The founding constitutional axiom of separation of powers should be acknowledged. The importance of adhering to established rules of statutory construction should be recognized. The jury should be allowed to hear the Marino's case. That is what the statute allows clearly and unambiguously. Well, on the question of separation of powers, applying the sort of principle of Marbury versus Madison to this context, the Wyoming Supreme Court tells us what the law is. They tell us what the statute means. And they've told us what the statute means, have they not? And what they told us is that if you are going to file a claim against a public employee, which you concede he is, you needed to file a claim. And so why isn't that enough? Because the statute, your honor, says otherwise, clearly and unambiguously. To my point, who determines what the content and meaning of the statute is? Is it not the branch of government that interprets the statute? That being the Wyoming Supreme Court. If it does so in accord with the principles of statutory construction as laid out by RME Petroleum, they did not do that. There is not one instance, and certainly not in Allen versus Macero, did they engage in statutory construction? And we are sitting here in diversity jurisdiction, are we not? Yes. And one of the things that you do in the diversity jurisdiction is you predict what the highest court of that state, how it would rule or construe some matter. Is that not correct? Yes. Okay. Well, doing that, the Wyoming Supreme Court, we don't have to predict. They told us what the statute means. And whether they follow the trail of statutory interpretation or not, who are we to tell them that they didn't get it right? Because it is you, with all due respect, as the 10th Circuit Court of Appeals, that needs to be able to say, if you're going to do that, you have to do it accurately. You can't just do what they did and just gratuitously add words to a statute. So I'm supposed to be grading the papers that the Wyoming Supreme Court, when I'm sitting in diversity, supposed to be following state law. Is that what you're telling me? I don't think that it's a matter, Your Honor, of grading papers. I think it's a matter of being able to clearly see that as in Saxby or XB-Stoley, dicta is not to be honored. And this is clear dicta. Nowhere in Allen v. Nassero did they do any kind of analysis to do the very first thing, which is to say, is this statute clear and unambiguous? No, they did not. But that is, let's assume for the moment, that it was dicta. It has been dicta that has been embraced repeatedly by the Wyoming Supreme Court. And when you file a motion to certify both here and below, and when I think about what that motion to certify, what the subtext of that motion would be, the subtext would be, well, you know, Wyoming Supreme Court, you didn't do this right. You didn't construe your own statute correctly. You should have followed proper rules of statutory interpretation. So, hmm, I'm left not knowing what the law is. So tell me what the law is. How does that work? The Wyoming Supreme Court has told us what the law is, whether we like the way they did it, whether we think they did it well or not. Why is that our role when we are a federal court sitting in diversity to question that? I mean, it's the very nub of it. And that's why I say that I believe that that is your responsibility and you're not impinging on it. You're here to oversee the appropriateness of the judiciary. And if a state Supreme Court can be allowed to do what that court did, this court, my court, did in Allen v. Lucero, it just unhinges constitutional principles. Counsel, can I bring us back to the weeds for a minute? I'm trying to understand, just as a practical matter, if there, are there any cases under the WGCA where the only defendant is the public employee? I'm sorry? Are there any cases under the WGCA where there's a public employee at issue or the only defendant is the public employee? In other words, the plaintiff sues only the public employee. Are there any cases like that or is yours sort of the first? No, Your Honor. There is a case called Garnett. Pro se prisoner, he sued and his case was thrown out. And that is the single case that I know of in which there was a case just against a public employee and it was thrown out. Because he didn't follow the claim. Correct, Your Honor. But again, that analysis, that decision was without analysis. In Allen v. Macero, Justice Golden added those words out of the blue, out of his blue. So, I have, may I just follow up on my other practical question? I see it as practical anyway. If only the public employee is sued, right, you agree that the hospital, in your case, has an obligation to defend Dr. Zimmerman, right? Well, in this case they did. Right, so that is, and that's statutory. Pardon? And that's statutory. Their duty is statutory, is that right? I think that it's more contractual. Okay, okay. Is Dr. Zimmerman, under your reading of the plain language of the statute, if he's the only defendant and the statutory framework provides for indemnification, is he supposed to tell the hospital that he's been sued? Does he have a notice of claim requirement? In this particular case, there was also the need to file a proceeding with the Wyoming Medical Review Panel. But that's no longer a thing, right? They fortunately abandoned that. And so under 104, they are required to indemnify him. And the, when- So is indemnity triggered by a notice of claim? In this case, a notice of claim would alert the county. The notice of claim wasn't filed. This hospital was well alerted to the fact that suit was brought. 104 gives complete protection. If the employee gets sued, the entity then must indemnify him. But if one looks at the legislative history in the case, in Gross Act 122A, provided that you had to file a notice of claim against, with, if you were suing a public employee, when the, when the act was finally passed, that was eliminated. The, so that it emphasizes the importance of the words, if you're going to sue a governmental entity. The, those words are separately defined in the statute. If one would engage in any kind of reasonable legislative history, they would have found that the legislature at one point considered having a public employee, a notice of claim requirement. They did not. It got dropped before it was passed. But to underscore Judge Rossman's point earlier, if the government is obligated to represent that individual, if the government is obligated to indemnify them, how are they supposed to know their duty has been triggered? What is the mechanism, as a matter of regular process, not happenstance, not in this particular case, how are they supposed to know that their duty has been triggered? I mean, absent the notion that a claim must be filed. It's a practical matter, Judge. I mean, why, Wyoming's got what, 500,000 people? Rawlins is a small community. If the person gets sued, in this case, Dr. Zimmerman. The community will know. But that's not the way the law works, though, is it? Dr. Zimmerman knows because he was served. Yes. And so then he immediately would notify the hospital. That's my question, is that it seems that your argument assumes that the statute works in a way that if you sue a public employee, the indemnification process is triggered under the statute. But that the obligation to file the notice of claim is then on the public employee defendant. Is that your argument? It's my argument. And it's the fact that in the engrossed bill, 122A, it said that one needed to file a claim against a public employee with a state auditor. That got eliminated. The legislature decided that that was going to get eliminated. So public employees in Wyoming, if they're sued, should be telling their employers. If they're a public employee, then they would, of course, tell their employer. If they're insured by the same outfit, which they are, they would notify their insurance company. Well, you're saying that Dr. Zimmerman was a public employee, so he would have had an obligation to tell his employer, right? Maybe not an obligation, but certainly in his self-interest to do that. Well, I guess that gets to the point that I think the district court used the word absurd. And perhaps that word in talking about an interpretation that I think the one you're advocating for, the consequences of that. If that may be too strong, but the point would really be what government would allow for a situation where it could be continually put into fault judgment by virtue of the fact that they have no mechanism to ensure that they are informed of anything. I mean, if they have a duty to identify and the public employee has no in writing obligation to tell the government, then how does the government protect itself? Well, you asked what government would do that. The Wyoming state government did that. You all are talking about a gap that you would be concerned that if a notice of claim wasn't filed against the entity or filed with some governmental group like the state auditor, then this case might go under the radar and no one would know about it. The Wyoming legislature created that gap knowingly in taking out the language that was in the engrossed act and said you have to file with the state auditor. They did it. I'm going to shift to something else. So if you've got anything more on that. So there was a trial in this matter, correct? Yes. And there were jury instructions and the trial was conducted, was it not, with the understanding that the statute, section 139.113, applied, wasn't it? Not really. It was a case, it was a trial that was really focused on whether or not Dr. Zimmerman was a public employee and the jury found that he was. And so then Judge Friedenthal said he's a public employee and so therefore we're going to dismiss your case. Didn't the jury instructions themselves though suggest that the notice requirement applied here? No. What the jury was instructed was on the definition of public employee and whether or not that status was reasonably discoverable before the statute of limitations ran. And the jury determined that it was reasonably discoverable. The whole issue then still comes back to the... You didn't object to the instructions, correct? I don't think we objected to any of those instructions. But the point is that we lost. He's a public employee. The issue is whether or not this statute requires us to have filed a notice of claim and it does not. The dicta in Allen v. Lucero would say so, but the statute doesn't. And the... Counsel, I apologize. You're one minute over your time. Oh, of course, please. One more question for you. Sure. In your reply brief, you argued, I think, that the medical negligence statute of limitations is the applicable one here. I just wanted to make sure I understand your argument about what statute of limitations applies to your case. The medical negligence, the two-year statute. So it's not section 114 in the WGCA that applies? No. No. Okay. It's... From our standpoint, Judge, from our standpoint, we were just suing Dr. Zimmerman. And so the statute of limitations for medical negligence was the applicable statute. It's two years, right? Yes. And so...   Because you're... The instance of the medical negligence statute of limitations the treatment was May 12th, 2018, and then the complaint was filed May 21st, 2020. We had that procedure that I never liked, the medical review panel. And when you filed with the medical review panel, it told me. Oh, I see, okay. But to get to your earlier point, the... I've forgotten the earlier point. Just which statute of limitations is... No, no. I think that I answered that. Yeah. There was something else lingering, but... You'll probably have a minute of rebuttal so you can think about it and come back with it, okay? Thank you, Your Honor. Sure. May I please escort counsel? I'm George Powers. I'm here today representing Dr. Ed Zimmerman. Mr. Schuster wants this court to do one of two things. First, as Judge Holmes pointed out, he's really asking you to overrule the Wyoming Supreme Court. He's arguing that the Wyoming Supreme Court did not mean what it said in the Romero case when it wrote, before a suit can be brought against a governmental entity or public employee, certain procedures must be adhered to. Among these procedures is the notice of claim requirement. Failing that, he wants this court to certify a question to the Wyoming Supreme Court. But that question has been answered by the Romero case. It was answered again by the Jost case. It has been completely and fully answered by the Wyoming Supreme Court. And those decisions of the Wyoming Supreme Court follow a pattern of decisions that stretches back 40 years. Does it matter that most of the cases involve two defendants? That there's a public employee and a governmental entity? No, it does not. Why not? It does not because the public employee, whenever there's a lawsuit against a public employee, ultimately, the responsibility is going to fall on the shoulders of the public entity that employed that employee. Because, as has been pointed out, the Wyoming Governmental Claims Act places a statutory obligation on the public entity to provide a defense and to provide indemnity to all public employees as long as they are serving within the scope of their duties. There's no issue here about Dr. Zimmerman's status as a public employee. That's been conceded repeatedly. There's no question that he was acting within the scope of his duties when he treated Mr. Moreno in the emergency room in Rollins. What do you make of the fact that the WGCA has different definitions for public employee and governmental entity? I mean, why shouldn't that give us some pause when we look at a statute that only uses one term as opposed to both? Well, again, in order to get to that question, you have to look at the entire act, and you have to look at the way the entire act reads. Now, Mr. Schuster's argument would have you just look at those three words in that one statute, in 113, that says this only when suing a public entity. But he also is very selective in choosing what rules of construction would be applied. He wants to apply the rule that says, if it's clear and unambiguous, you stop. You don't have to think anything further. But that's not the way the Wyoming Supreme Court worked, and that's not the way this statute works. Okay. Yeah, please. Do you agree that it's clear and unambiguous on its face? I believe that the language is clear and unambiguous, yes. But again, you have to look at the complete act. And when you look at the complete act, you have to consider things such as the statute of limitations, which expressly applies to all claims against governmental entities and public employees. Well, my question, though, is rooted in looking at the complete act. If you look at the complete act, and the act has separate definitions for governmental entity and public employee, then what one could infer from that, that the Wyoming legislature recognized that these are different terms, they have different import, and therefore, when the court chose in this one statute that that issue here, to only use one term, one would say, hmm, they must have only meant to use that term and not that one. But let's stop. Can I stop and just, I'm going to roll back history a little bit and take us back to a decision that the Wyoming Supreme Court returned early on in the lifetime of the Wyoming Governmental Claims Act. That's the Hamlin case. Which, and there are two Hamlin cases, and I'm specifically going to be talking about the second Hamlin case. Now, the issue in Hamlin was whether government, whether public employees could even be sued. And the reason that it was an issue was because the way the statute was written, the first thing the statute did was grant immunity to governmental entities and to public employees. And then it said that was subject to certain limited, to limited areas. And they defined in 105 through 112, they defined seven different areas where immunity would be waived. And in each of those instances, the waiver statute simply provided that the governmental entity shall be liable for the negligence of the public employees. There's no language in the Governmental Claims Act that would say that public employees have any liability. But when that issue went to the Wyoming Supreme Court in Hamlin, the Wyoming Supreme Court looked at the entire act. And they looked at the statute of limitations, which talks about actions against public employees and government entities. And they held that public, because the statute clearly contemplated that these types of claims could exist. And there were other sections that they also cited, 116 and I think 117 as well. But they looked at all of those statutes. And they said that the intent of the act, which was to balance the equities between the public entities that would ultimately be responsible for these costs and for any claiming to have been injured by public employees, they had to strike a balance. And part of that balance was that they adopted all the procedural elements. And so I guess where I'm at is that if you're going to say that the public employees are liable, and if you're going to say that the public entities are responsible for that, equal force to an action that has been brought against public employees. Isn't that precisely the reason we should certify the question here? Because the Wyoming Supreme Court has not directly passed on that. I mean, maybe that's a very fair and reasonable reading of the legislative history as applied to support your position. But it's an issue of first impression, isn't it? No, it isn't. Again, just go back and look at the Romero case. The Romero case was a case that involved a doctor. It involved a case where the doctor was sued by his patient, and the patient did not discover the employment relationship until after the time period for filing a claim had passed. Now, in that case, Mrs. Romero was able to present sufficient evidence to avail herself of the provisions that allow for late discovery. She sued the hospital, too, didn't she? Initially, she only sued the doctor. Initially, she sued the doctor. We filed the motion to dismiss Dr. Schultz. Dr. Schultz, the court granted that motion. They then amended the complaint and brought in the hospital. But the hospital was not an original party. Originally, that case was solely against Dr. Schultz. And then you also have the Yost case that came later, where, again, you have a claim of a late discovery involving a doctor and a doctor's relationship of employment with a public hospital. And in that case, again, the Wyoming Supreme Court reiterated that you've got to have a notice of claim and it's got to be timely. And in that case, in the Yost case, they set out the practice and the procedure by which a determination, factual determination, could be made about whether or not the late discovery exceptions to 113 could apply. And Judge Friedenthal used that to formulate the instructions that you've got that are in the record and that you have the opportunity to review. And that these folks have not appealed. And in that way, the jury was instructed and did finally and did conclude both that Dr. Zimmerman was a public employee and that the plaintiffs had not shown due diligence to Counsel, that is what my earlier question, Mr. Schuster, stemmed from. I was wondering if you were making some kind of waiver argument in your briefing about the jury instructions as to this issue. Is that in there or am I mistaken? I'm sorry, a waiver? Were you making a claim that their failure to challenge the jury instructions had some impact on what we're looking at now? Only to the extent that it precludes any further challenge to the findings of fact that the jury made, because there has been no appeal from the trial itself. All right. Let me just also ask you, as I understand, Mr. Schuster, I heard him making the argument earlier that the Wyoming Supreme Court has not performed the type of statutory interpretation that needs to be done on this statute, particularly in light of the fact that it refers only to a government entity. Do you have anything to add in response to that, that you haven't already said? I couldn't go on, Your Honor. But in all honesty, I think that once you look at the Romero case and the Jost case, both of those cases, the Wyoming Supreme Court did have specific claims involving doctors and the relationship between doctors and hospitals, and talked about the discovery rule under 113, and applied that to cases that have been brought against employees. So I think, in all honesty, that issue has been determined. Mr. Powers, I haven't heard you talk about the Garnett case. And it would seem that that case is one of your stronger cases, is it not? Because in fact... The Garment case is an extremely... Well, the Garment case is... Not Garment, Garnett. Oh, Garnett. Isn't that the one where they sued only the public employee? They did accuse only the public employee, and the Federal District Court did dismiss that case for lack of a governmental claim, and appropriately so. Okay. And it was the Wyoming Supreme Court that did that, right? I'm looking at... Yeah. Your Honor, there's so many of these cases. Yeah, okay. They're dancing in my head right now. So I'm afraid that if I've misunderstood, I apologize. Well, yeah, we'll let it go. That's fine. Thank you. My point is this, Your Honor. When we raised this issue with the court, when we filed our answer, these folks came back with an amended complaint. They said Dr. Zimmerman wasn't a public employee. They even said the hospital wasn't a public entity. And they raised this issue that we don't have to give a governmental claim. Well, if they don't have to give a governmental claim, then from here on out, nobody will ever sue a public entity. They will sue employees, and they will be out free, and they will not have to answer to the requirement to file a governmental claim. That will be written out. They will not have to answer under the statute of limitations, which, with all due respect, the statute of limitations that controls the governmental claim is 114. The statute, and that statute is triggered by one thing and one thing only, and that is the filing of a claim. Your Honors, I would ask you to please affirm Judge Friedenthal, and thank you very kindly for the other questions. Otherwise, I'm going to sit down. Thank you, Counselor. Thank you. One minute, please. Mr. Powers says that we have said that if a statute is found to be clear and unambiguous, the statutory construction stops. That's correct. That's what the case law says. That's what we have acknowledged in the brief. That's RME Petroleum. That analysis has never occurred. The Wyoming Supreme Court has never analyzed the meaning of those words, has never determined whether they're clear and unambiguous, and has never looked at the legislative history. Not once. That's not right. I would remind, and I don't have the quote here, but I would remind the Court of what you all said in X.B. Stoley. You talked about dicta and that its error is that it doesn't get subjected to the process that's important, which is the briefing process. With being able to talk with you all, to talk with judges, and to have an argument, and it's that focus that you talked about in X.B. that hasn't been done here. And in Garnett, it's the very same thing. Pro se prisoner. They just, as they had done before, without analysis, just applied the language of Allen versus Cicero. Thank you, Counsel. You're welcome. Case is submitted. Thank you, Counsel, for your argument. Thank you.